UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA MACHADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. A. LIZARRAGA,<br><br>　　　　　Defendant. | No. 2:17-cv-02430 TLN CKD (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff purports to bring federal claims pursuant to 42 U.S.C. § 1983 against defendant, the Warden of Mule Creek State Prison, where plaintiff's husband is an inmate. The claims are

1

based on a prison disciplinary conviction against plaintiff's husband for Distribution of a Controlled Substance, and the barring of plaintiff from future visits due to her suspected involvement in the distribution scheme. Plaintiff alleges that prison officials' statements against her are defamatory and libelous and that she has been subject to unlawful retaliation.

Plaintiff's allegations do not state a federal claim against defendant. Among other reasons, plaintiff has failed to allege a causal connection between the actions of defendant and any constitutional violation. Moreover, plaintiff lacks standing to challenge her husband's prison disciplinary conviction. Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff will be ordered to show cause why this action should not be dismissed. Failure to allege a proper basis for subject matter jurisdiction will result in a recommendation that the action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. No later than December 8, 2017, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Dated: November 27, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/machado2430.ifp-nojuris