UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA MACHADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. A. LIZARRAGA,<br><br>　　　　Defendant. | No. 2:17-cv-02430-TLN-CKD<br><br>ORDER |

  In the instant action Plaintiff is proceeding pro se. This action was referred to a United States Magistrate Judge pursuant to Local Rule 302(c). On October 18, 2018, the magistrate judge filed findings and recommendations herein which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 33.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 36.)

  This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir.1979). The magistrate judge's conclusions of law are reviewed

de novo. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Court has reviewed the applicable legal standards and good cause appearing, concludes that it is appropriate to adopt the proposed findings and recommendations. However, Plaintiff will be given leave to amend because the Court does not agree that it is impossible for Plaintiff to cure the deficiencies in his Complaint. Plaintiff "requests that the Court modify the recommendation of the Magistrate Judge, and that it dismiss the Amended Complaint with leave to amend, so that Plaintiff may re-plea causation." (ECF No. 36 at 2.)

Leave to amend "shall be freely given when justice so requires." Rule 15(a). In civil rights cases, courts must liberally construe the pleadings and resolve doubts in favor of the plaintiff, and "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988) (quotation and citation omitted). A court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect" by alleging other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000). The findings and recommendations stated that "it does not appear the pleadings can be cured by further amendment," (ECF No. 33 at 5) but this Court is not convinced that it is impossible for Plaintiff to cure the deficiencies in her first amended complaint by alleging additional facts.

For Plaintiff's claims to proceed, she must cure the deficiencies noted in the findings and recommendations. (*See* ECF No. 33 at 4–5.) Further, Plaintiff must, in her amended complaint, allege facts that show causation and that the adverse action did not reasonably advance any legitimate correctional goal. (*See* ECF No. 33 at 4–5.)

Moreover, under Local Rule 220, Plaintiff's amended complaint must be "complete in itself without reference to the prior . . . pleading." The Court cannot refer to information in the original complaint or Plaintiff's first amended complaint to complete Plaintiff's second amended complaint. Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 18, 2018 are adopted as followed;

2

2. Defendant's motion to dismiss (ECF No. 24) is granted;

3. The First Amended Complaint (ECF No. 14) is dismissed with leave to amend;

4. Plaintiff shall be afforded thirty (30) days to file a Second Amended Complaint;

5. Plaintiff's failure to timely file a Second Amended Complaint in accordance with this Order may result in dismissal of this action.

Dated: January 11, 2019

Troy L. Nunley
United States District Judge