UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA MACHADO, | No. 2:17-cv-02430-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| J.A. LIZARRAGO, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

**Background**

On October 18, 2018, the undersigned issued findings and recommendations recommending that defendant Lizarrago's motion to dismiss plaintiff's first amended complaint be granted. (ECF No. 33.) The findings and recommendations found that plaintiff did not sufficiently allege causation in her First Amendment claim because plaintiff offered nothing but conclusory statements concerning defendant Lizarraga's knowledge of plaintiff's participation in litigation, which plaintiff claims is the substantial or motivating factor behind defendant's conduct. (Id. at 4–5.) Regarding plaintiff's conspiracy claim, the undersigned found that plaintiff's conclusory allegations that defendant Lizarraga conspired with unnamed Doe defendants to retaliate against her in violation of the First Amendment are not sufficient for the

1

same reasons plaintiff's First Amendment claim failed to state a claim upon which relief could be granted. (Id. at 5.)

On January 15, 2019, District Judge Troy L. Nunley adopted the findings and recommendations and granted plaintiff leave to amend the complaint. (ECF No. 38.) Plaintiff was instructed to cure the deficiencies noted in the findings and recommendations and allege facts that show causation and that the adverse action did not reasonably advance any legitimate correctional goal. (Id. at 2.)

On March 11, 2019, plaintiff filed the operative second amended complaint ("SAC"). (ECF No. 41.)

On March 26, 2019, defendant filed a request for screening of plaintiff's second amended complaint, ECF No. 42, which the undersigned granted on April 2, 2019, ECF No. 43.

On June 24, 2019, plaintiff filed a motion to appoint counsel. (ECF No. 44.)

**Plaintiff's Second Amended Complaint**

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action, among other things, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93–94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

Here, the court finds that plaintiff failed to cure the previously-noted deficiencies in her second amended complaint. The allegations in plaintiff's second amended complaint remain vague and conclusory. More specifically, plaintiff's allegations do not provide sufficient particularity to support plaintiff's claims, namely that any of the defendants were aware that plaintiff was assisting her husband with litigation before the adverse acts took place, or that the assistance was a motivating factor in their actions. Plaintiff only alleges that "CSP-LAC officials were made aware that Mr. Machado filed lawsuits against them," SAC ¶ 24, officials told Mr. Machado that he was not popular with Lancaster and Corcoran and if he engages in litigation he will be transferred, SAC ¶ 27, that defendant Lizarraga knew of Mr. Machado's litigation, SAC ¶ 29, and that at some time defendant Lizarraga was made aware that plaintiff and Mr. Machado were drafting court documents, SAC ¶ 30. This is not sufficient to show that defendant Lizarraga knew of plaintiff's assistance before the adverse acts at issue in the second amended complaint took place and that this knowledge was the reason for the adverse acts. This is even more insufficient as to the eight new defendants plaintiff attempts to name in the second amended complaint. Although it can be difficult to establish the motive or intent of a defendant or defendants, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997) (finding that the evidence presented in that case supported the inference that the defendant knew, at least to some extent, of the plaintiff's use of the grievance system, which in turn supported the jury's finding that the defendant filed a disciplinary report in retaliation for the plaintiff's use of the grievance system); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (explaining that "timing can properly be considered as circumstantial evidence of retaliatory intent" but finding in that case that there was little else to support the inference). The second amended complaint alleges no facts, circumstantial or otherwise, supporting an inference that the protected conduct motivated the defendants to separate plaintiff from her husband by excluding her as a visitor at any CDCR facility. At best, plaintiff only speculates that the defendants' conduct was motivated by the fact that she participated with

her husband in drafting lawsuits against prison staff.

Regarding plaintiff's conspiracy claim, a conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (additional quotations omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward Cnty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Although accepted as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 546. A bare allegation that the defendants conspired with each other to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. As with above, plaintiff's allegations fail to establish a conspiracy claim against defendant Lizarraga or any of the eight new defendants.

For these reasons, the court has determined that the second amended complaint does not state a claim upon which relief can be granted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency of City of L.A., 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts the defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with these requirements, the second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to amend the complaint again, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). This must include allegations of the defendants' knowledge of plaintiff's participation in drafting lawsuits and a connection between this knowledge and the defendants' alleged misconduct. In that regard, plaintiff's second amended

complaint consists largely of allegations pertaining to defendants' knowledge of her husband's legal actions—not plaintiff's involvement in certain legal proceedings.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**Plaintiff's Request for the Appointment of Counsel**

On June 24, 2019 plaintiff filed a request for the appointment of counsel. (ECF No. 44.) In the request, plaintiff states that appointment of counsel is appropriate because (1) the case involves substantial and complex procedural and legal factual questions, (2) plaintiff lacks legal education, (3) this case will require experts, (4) plaintiff is indigent and cannot investigate crucial facts, and (5) this is a case where the parties dispute the facts.

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Bd. of Regents, 673 F. 2d 266 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to her financial condition, is a fortiori resolved in her favor. As to the second factor, plaintiff does not provide the efforts she made to obtain counsel, if any. As to the third factor, after reviewing the second amended complaint, the court has determined appointment of counsel is not warranted in this matter. For these reasons, the court will deny plaintiff's request without prejudice to renewing the request.

**Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" plaintiff must file an original and two copies of the amended complaint;

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. Plaintiff's motion to appoint counsel (ECF No. 44) is DENIED without prejudice.

Dated: August 2, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 machado2430.lta